DECISION
Plaintiff appeals the real market value of 47 lots (subject property) located in the Reed Point subdivision in Deschutes County. (See Attachment 1.) A trial was held by telephone on March 16, 2011. Plaintiff appeared and testified on his own behalf. Rebecca Oja (Oja), Residential Appraiser, Deschutes County Assessor's Office, appeared and testified on behalf of Defendant. Defendant's Exhibits A, B, and C were received without objection.
 I. STATEMENT OF FACTS
Plaintiff testified that he purchased the subject property for approximately $1,550,000 on July 17, 2009. (See also Def's Ex A at 1.) Plaintiff testified that the price per lot was approximately $31,000. Plaintiff testified that the purchase price is the best evidence of value in this case and requests a value of $31,000 per lot based on his purchase price.
Oja testified that Plaintiff's purchase of the subject property "does not reflect the real market value of each individual lot, but a discounted price for the bulk lot purchase." (Id.) Oja testified that, based on First Interstate Bank v. Dept. ofRev., 306 Or 450, 760 P2d 880 (1988), each lot must be individually valued. She testified that comparable sales that occurred in late 2008 and early 2009 ranged from approximately $55,000 to $120,000. (See Def's Ex B at 56.) *Page 2 
Defendant requests that the court sustain the real market value per lot of $65,000 determined by the board of property tax appeals (board).
 II. ANALYSIS
The issue in this case is the real market value of the subject property for the 2009-10 tax year. Real market value is defined as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." ORS 308.205.[1] The assessment date for the 2009-10 tax year was January 1, 2009. ORS 308.007; ORS 308.210. Plaintiff has the burden of proof and must establish its case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. ofRevenue, 4 OTR 302, 312 (1971). Plaintiff "must establish by competent evidence what the appropriate value of the property was as of the assessment date in question." Woods v. Dept. of Rev.
(Woods), 16 OTR 56, 59 (2002).
A. Purchase Price
"A recent sale of the [subject] property * * * is important in determining its market value. If the sale is a recent, voluntary, arm's length transaction between a buyer and seller, both of whom are knowledgeable and willing, then the sales price, while certainly not conclusive, is very persuasive of the market value."Kem v. Dept. of Rev.,267 Or 111, 114, 514, P2d 1335 (1973) (citations omitted). The Court "emphasize[d] that a recent sale of the subject property is not necessarily determinative of market value and does not foreclose other methods of valuation[.]" Id. at 115. Plaintiff's sale, which closed about seven months after the assessment date, was not "recent" with respect to the January 1, 2009, assessment date and would require an adjustment *Page 3 
for time. Additionally, Oja testified that bulk lot sales, such as the sale of the subject property in this case, are not typically indicative of the real market value of each individual lot; bulk lot sales represent a discounted purchase price.
B. Approaches of Valuation — Real Market Value
There are three methods used to determine real market value: the cost approach, the income approach, and the sales comparison or market approach. Allen v. Dept. of Rev.,17 OTR 248, 252 (2003). All three approaches must be considered, although "it may be that all three approaches cannot be applied" for a particular property. OAR 150-308.205-(A)(2)(a). The subject property is residential property. Defendant presented a sales comparison approach. Plaintiff relied on his purchase price which occurred seven months after the assessment date. Neither party considered the cost approach or the income approach.
"Under the sales comparison approach, the value of a property is derived by `comparing the subject property with similar properties, called comparable sales.' That comparison is based on many factors, and adjustments are made for any differences between the comparable sales and the subject property so that the appraiser can derive a value for the subject property." Magno v. Dept. of Rev.,19 OTR 51, 58 (2006) (citations omitted). Thus, "[t]he court looks for arm's length sale transactions of property similar in size, quality, age and location" in order to determine the real market value of the subject property. Richardson v. Clackamas CountyAssessor, TC-MD No 020869D, WL 21263620 at *3 (Mar 26, 2003).
Plaintiff offered no competent evidence other than the purchase price of the subject property on July 17, 2009, to support his claim that the purchase price was the subject property's real market value. Plaintiff has failed to meet the burden of proof with respect to the value of the subject property as of the January 1, 2009, assessment date. *Page 4 
 III. CONCLUSION
After carefully considering the testimony and evidence, the court concludes that Plaintiff has failed to establish by a preponderance of the evidence that a reduction in the 2009-10 real market value is warranted. Accordingly, the 2009-10 real market value established by the board is hereby sustained. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied.
Dated this ____ day of April 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on April 11, 2011. The Court filed and entered this documenton April 11, 2011.
[1] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2007. *Page 1